MOBILE REGISTER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18712. Promulgated January 7, 1930.

*George E. H. Goodner, Esq.*, and *Walter K. Smith, Esq.*, for the petitioner.

*A. S. Lisenby, Esq.*, for the respondent.

### OPINION.

TRUSSELL: The first issue relative to the repairs is purely a fact question, and deciding it from the record, as we must, we conclude that the amount of $7,150.67 expended during 1920 for repairs and charged off on the books to profit and loss should be allowed as a deduction from income.

In the second issue we are required to determine the amount, if any, allowable in invested capital in the taxable years for certain intangibles usually referred to as "Circulation Structure, Trade Name, Good Will and Associated Press Franchise." Sections 326 (a) (4) of the Revenue Acts of 1918 and 1921 provide that the value allowed for intangibles paid in for stock prior to March 3, 1917, shall not exceed the least of (a) the cash value when paid in; (b) the par value of the stock issued therefor, and (c) in the aggregate 25 per cent of the par value of the stock of the corporation outstanding on March 3, 1917. We have previously decided that in the case of a consolidated return the 25 per cent limitation should be computed upon the aggregate of the outstanding stock of all of the affiliated companies. *Gould Coupler Co.*, 5 B. T. A. 499. After careful consideration of the evidence we are satisfied that the intangibles had an aggregate value of $74,625 when paid in for capital stock in 1909, and consequently there should be included in invested capital of the consolidated companies on that account a sum equivalent to 25 per cent of the total of $189,300 issued and outstanding stock of the affiliated companies on March 3, 1917, or $47,325.

The third issue is a question of law. In consolidating the two affiliated corporations the respondent has offset the relatively large operating deficit of the affiliated company against the smaller amount of earned surplus of the petitioner, with the result that no amount of surplus whatever has been allowed in invested capital. It is the contention of the petitioner that its earned surplus should be allowed in invested capital notwithstanding the operating deficit of the affiliated company. We have had occasion to consider this question a number of times, and under conditions similar to those existing here have held that the deficit shall be deducted in ascertaining the net earned surplus. *Gould Coupler Co.*, supra; *W. S. Bogle & Co.*, 5 B. T. A. 541; *Ruckman Coal Co.*, 5 B. T. A. 534; *Interborough News Co.*, 6 B. T. A. 340; *Grand Rapids Dry Goods Co.*, 12 B. T. A. 696. The case of *W. S. Bogle & Co.*, supra, has been reviewed and affirmed by the Circuit Court of Appeals, 26 Fed. (2d) 771. We

must, therefore, regard the above cited cases as controlling in the matter of treatment of surplus and deficit in the instant case.

We are, therefore, of the opinion that the value paid in for the capital stock as allowed by the respondent, with adjustment upward as herein directed for the intangibles paid in, will represent the maximum invested capital allowable to the petitioner for the taxable years.

*Judgment will be entered pursuant to Rule 50.*